STATE ex rel. FRANS E. LINDQUIST, Relator, v. JOHN P. BUTLER, Judge, etc., Respondent.

Kansas City Court of Appeals, November 16, 1908.

CRIMINAL COSTS: Petit Larceny: Justices' Courts: Statutory Construction. Under the statute in a prosecution for petit larceny the injured party making the affidavit is not liable for costs where the defendant is discharged; and section 2836, Revised Statutes 1899, does not conflict with section 2778.

Original Proceedings by Mandamus.

WRIT GRANTED.

*Frans E. Lindquist* for relator.

(1) The authority of the relator, as such justice of the peace, to tax the costs of such proceedings against Linn county, is found in section 2778, Revised Statutes 1899. (2) The statute relating to costs should be strictly construed. Unless the prosecuting witness, J. H. Cassity, was liable under the statute, the court would have no authority to tax the cost against him. In prosecutions for petit larceny there is an express exception that no such indorsement is necessary. State v. Huiatt, 31 Mo. App. 302; State ex rel. v. County Court, 40 Mo. App. 503. (3) The respondent undoubtedly contends that Mr. Cassity was liable, instead of Linn county, under the terms of section 2836. It will be observed, however, that said section provides: "And the prosecutor or prosecuting witness shall be liable to pay the costs according to law." In the case at bar the statute provides that the prosecuting witness shall not be liable. (4) The learned circuit judge of Linn county may also contend that the complaining witness is liable for the costs, under section 2832, Revised Statutes 1899. The section, however, has no application to this case, not being a case to recover a fine, penalty or forfeiture. State v. Lavelle, 78 Mo. 104; State v. Huiatt, supra.

No briefs for respondent.

BROADDUS, P. J.—This is a proceeding by mandamus to compel the Hon. John P. Butler, Judge of the Twelfth Judicial Circuit, to approve and certify a certain bill of costs.

The facts are, that on the 6th day of May, 1908, one, Zoe Farrell, was tried in the court of the relator, a justice of the peace within and for Linn county, upon an information filed by the prosecuting attorney of the county, based upon the affidavit of one, J. H. Cassity, charging her with the crime of petit larceny; that a

trial before a jury was had, which resulted in a verdict
of not guilty, and the said defendant was duly dis-
charged.  That relator made out a proper fee bill of the
costs against Linn county that had accrued in the case
and certified the same to the circuit clerk of the county;
that thereupon said clerk made out, as is usual in such
cases, a fee bill of said costs and delivered the same
to the said prosecuting attorney who approved and cer-
tified to its correctness.  That thereafter, on the 23rd
day of June, 1908, said bill of costs was duly presented
to the respondent, judge of said court as aforesaid, for
his approval, but who refused to approve the same in
the following language: "Approval refused, June 23rd,
1908.  (Signed.)  John P. Butler, Judge."

It is agreed by the parties that no alternative writ
of mandamus shall be issued; and that, if a peremptory
writ be issued, it may issue in the first instance; and it is
further agreed that respondent may file his return to the
petition herein.  The respondent in writing has waived
his return and submits the case upon the matters and
things set forth in the petition and writ.

The controversy, if any, the respondent having filed
no brief or argument, arises upon a construction of sec-
tions 2778 and 2836, Revised Statutes 1899. The first sec-
tion reads as follows: "When the proceedings are prose-
cuted before any justice of the peace, at the instance of
the injured party, for the disturbance of the peace of a
person, or for libel or slander, or for any trespass
against the person or property of another, not amount-
ing to a felony, except for petit larceny, the name of
such injured party shall be entered by the justice on his
docket as a prosecutor; and if the defendant shall be
discharged or acquitted, such prosecutor shall be ad-
judged to pay the costs not otherwise adjudged; and
in every other case of acquittal, if the justice or jury
trying the case shall state in the finding that the prose-
cution was malicious or without probable cause, the

justice shall enter judgment for costs against the prosecution or party at whose instance the information was filed, and shall issue execution therefor; but in no case shall the prosecuting attorney be liable for costs. In other cases of discharge or acquittal the costs shall be paid by the county, except when the prosecution is commenced by complaint and the prosecuting attorney declines to file information thereon, in which case the proceedings shall be dismissed at the cost of the party filing the complaint."

The second reads as follows: "If, upon the trial of any indictment or information, the defendant shall be acquitted or discharged, and the prosecutor or prosecuting witness shall be liable to pay the costs according to law, judgment shall be rendered against such prosecutor for the costs in the case, and in no case shall the same be paid by either the county or State."

The language of section 2778 is plain to the effect, that, in prosecutions for petit larceny, the injured party, or as otherwise designated, the prosecuting witness, is not liable for the costs of the proceeding wherein the defendant is discharged. Section 2836 is not in conflict with section 2778. Construed together, the former is merely directory. That is, in case the defendant is acquitted or discharged, judgment shall be rendered against the prosecutor wherein he is liable for the costs according to law, *i. e.*, under section 2778, or in all cases not amounting to a felony and except for petit larceny. And the negative language in section 2836, viz., "and in no such case shall the same be paid by either the county or State" merely refers to cases where the prosecutor is liable for the costs according to law, i. e., section 2778.

It follows, therefore, that it was the duty of the respondent judge, to approve of said fee bill, and it is ordered that a peremptory writ of mandamus be issued commanding him to do so. All concur.